McEwen v. Gibbs.

---

*\*McEwen v. Gibbs et al.*         [\*137

*Witness.*

Plaintiff, a certificated bankrupt, was admitted to prove a parol acceptance of a bill of exchange, the foundation of the action, after he had released his interest at the bar, his assignees having previously entered into security for costs.(a)

Case, on a parol acceptance of a bill of exchange. The plaintiff having become a certificated bankrupt, was called as a witness to prove the acceptance. *Dallas* objected to his competency, on the ground of the witness's liability for costs ; and his interest in augmenting the estate surrendered under his commission.

But it appearing, that the assignees carried on the suit, and had entered into security for costs, The Court (after the plaintiff had released his interest at the bar) directed him to be sworn, upon the authority of *Scott* v. *Mc Clenachan.*

---

(a) A party to a suit is a competent witness to prove many facts, which are collateral to the issue; thus, a party is a competent witness to prove the service of notice to produce papers on the trial of a cause, and to prove notice of taking depositions. Jordan *v.* Cooper, 3 S. & R. 564. So, to prove that a subscribing witness to a deed is dead, to let in secondary evidence of its execution (Douglass's Lessee *v.* Sanderson, 1 Dall. 116; s. c. 1 Yeates 15); and that a material witness, whose deposition has been taken, is unable to attend court, by reason of advanced age and indisposition; Mean's Lessee *v.* Flora, cited, 1 Yeates 16; 2 Dall. 117. A person interested in a suit may be a witness to show the identity of blocks, taken from marked trees, on the different lines claimed by the parties. Lessee of Coxe *v.* Ewing, 4 Yeates 429. See also, The King *v.* Lukens, 1 Dall. 5, and note; Bank of Pennsylvania *v.* Hadfeg, 3 Yeates 560.

If no evidence is offered against a defendant to a suit, he may be a witness for his co-defendant, Wakely *v.* Hart, 6 Binn. 316; but if circumstances are proved, from which it is possible for the jury to presume facts amounting to guilt, the person against whom these facts have been proved, cannot be received as a witness. Pennsylvania *v.* Leach, Add. 353.

After a submission to an indictment, it is usual to hear the defendant's statement, but not under oath. Respublica *v.* Askew, 2 Dall. 189.

A party may be made a competent witness, wherever all his interest in the event of the suit can be removed. A plaintiff who, after the commencement of a suit, has made a voluntary assignment of all his property to creditors, and has also executed a release to the assignees, of all his interest in the money which may be recovered in the action, is a competent witness in the cause, provided all the costs are paid before he is sworn. Steele *v.* Phœnix Ins. Co., 3 Binn. 306. See also, Field *v.* Biddle, 2 Dall. 171–2, note; Bennett *v.* Fleshington, 16 S. & R. 193; Cook *v.* Grant, Id. 198. In replevin by R., the defendant avowed the taking, in a house occupied by N., for rent due by N. to defendant; the plaintiff replied no rent in arrear; *Held,* that N. was not a witness for the plaintiff, being liable to plaintiff for the costs of suit, in addition to the amount of rent recovered. Rush *v.* Flickwire, 17 S. & R. 82. See, on this subject, McIlroy *v.* McIlroy, 1 Rawle 433; Hart *v.* Heilner, 3 Id. 407 ; Kimball *v.* Kimball, Id. 469; Cox *v.* Norton, 1 P. & W. 412; Black *v.* Marvin, 2 Id. 138; Gallagher *v.* Milligan, 3 Id. 177